IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Russell Montgomery, #294838, ) | Civil Action No. 6:09-778-HMH-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| McKither Bodison, ) | |
| Respondent. ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## **BACKGROUND OF THE CASE**

The record reveals that the petitioner is currently incarcerated in Lieber Correctional Institution pursuant to an order of commitment from Orangeburg County. The petitioner was indicted in August 2001 for kidnaping and armed robbery. Attorney Margaret Peggy Hinds represented the petitioner on the charges. A jury trial was held July 16, 2003, before the Honorable Edward B. Cottingham. The jury convicted the petitioner of kidnaping and the lesser offense of strong arm (i.e. common law) robbery. Judge Cottingham sentenced the petitioner to 20 years imprisonment for kidnaping, and 15 years, consecutive, for robbery. The petitioner appealed.

Robert M. Dudek, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented the petitioner on appeal. On October 5, 2004, appellate counsel filed a final *Anders*[1] brief of appellant in the South Carolina Court of Appeals, and raised the following issue:

> The court erred by allowing appellant to be impeached with his prior conviction for strong armed robbery where he was on trial for armed robbery and kidnaping. The judge did not conduct a *State v. Colf* analysis, and the prejudicial effect of the prior robbery conviction outweighed its probative value under rule 403, SCRE.

Appellate counsel also moved to be relieved of appointment as "in his opinion, the appeal is without legal merit sufficient to warrant a new trial." On October 7, 2004, the Clerk of the South Carolina Court of Appeals advised the petitioner of his right to also file a *pro se* brief. The petitioner did not file a *pro se* brief. On April 20, 2005, the South Carolina Court of Appeals issued an unpublished opinion dismissing the appeal. *State v. Montgomery*, Unpublished Opinion No. 2005-UP-285 (S.C.Ct.App. filed April 20, 2005). On April 29, 2005, the petitioner filed a petition for rehearing, which was denied on June 22, 2005. The South Carolina Court of Appeals issued the remittitur on July 27, 2005.

On February 21, 2006, the petitioner filed an application for post-conviction relief ("PCR"), in which he alleged ineffective assistance of counsel in the following particulars:

> Petitioner alleges that trial counsel failed to properly prepare for the trial of this case; failed to request continuance based on untimely receipt of discovery; failed to move to suppress evidence; failed to object to evidence and witnesses not timely revealed in response to discovery request; failed to object impeachment evidence; failed to request exclusion of impeachment evidence; failed to object to improper questions by Solicitor; and such other grounds as may become apparent after a complete review of the record.

---

[1] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967).

2

Attorney C. Bradley Hutto represented the petitioner in the action. The State made its return on or about December 7, 2006. An evidentiary hearing was held January 12, 2007, before the Honorable James C. Williams, Jr. On February 26, 2007, Judge Williams issued an order denying relief. The petitioner appealed the denial of relief.

Kathrine H. Hudgins, Appellate Defender of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented the petitioner on appeal. On January 10, 2008, appellate counsel filed a *Johnson*[2] petition for writ of certiorari in the Supreme Court of South Carolina, and raised the following issue:

> Did the PCR court err in refusing to find trial counsel ineffective for filing to ascertain if the victim's fingerprints could be identified on a box containing narcotics found in the car where the kidnapping and robbery allegedly took place?

Appellate counsel also moved to be relieved of appointment as "[i]n her opinion seeking certiorari from the order of dismissal is without merit." (*Johnson* petition, p. 7). By letter dated January 11, 2008, the Clerk of the Supreme Court of South Carolina advised the petitioner of his right to file a *pro se* response. On January 18, 2008, the State filed a letter in lieu of a formal return. On January 29, 2008, the petitioner filed a *pro se* brief and raised the following issues:

> (1) Did the PCR court err in refusing to find Trial Counsel Ineffective for failing to investigate and for failing to suppress photos.
>
> (2) Did the PCR court err in refusing to find trial counsel ineffective for failing to request a continuance.
>
> (3) Counsel was ineffective for failing to request a disclosure of the Brady Motion that would have proven that there was no evidence of gun power [sic] (residue) on the petitioner's clothes.

By order dated July 11, 2008, the Supreme Court transferred the case to the South Carolina Court of Appeals. On January 30, 2009, the South Carolina Court of

---

[2]*Johnson v. State*, 294 S.C. 310, 310, 364 S.E.2d 201, 201 (1988).

Appeals denied the petition and granted appellant counsel's request to withdraw. The Court of Appeals issued the remittitur on February 20, 2009.

In his *pro se* petition now before this court, the petitioner makes the following claims of error (verbatim):

> Ground One: Ineffective Assistance of Counsel.
>
> Supporting facts: Counsel failed to: request continuance, failed to suppress evidence, failed to object to evidence and witness not timely revealed in response request; object to impeachment evidence, failed to request exclusion of impeachment evidence, failed to object to improper questions by Solicitor.
>
> Ground Two: [no ground specified].
>
> Supporting facts: Whether the courts erred by allowing Appellant to be impeached with his prior Robbery Conviction. Where he was on trial for Robbery, since the prejudicial effect of that conviction out weighted its provation [sic] value under Rule 403 S.C.R.E., And the Court failed to conduct the requisite. State -v-Colf Analysis?

On August 10, 2009, the respondent filed a motion for summary judgment. By order filed August 11, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his opposition to the motion on September16, 2009.

## **APPLICABLE LAW**

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

4

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

The Fourth Circuit Court of Appeals has stated as follows regarding the standard of review in cases, like the instant case, that are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> For a claim that was adjudicated on the merits in state court proceedings, this Court will not issue a writ of habeas corpus under the AEDPA unless (a) the state court decision is in "square conflict" with Supreme Court precedent that is controlling as to law and fact or (b) if no such controlling decision exists, "the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant [S]upreme [C]ourt precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts." *Green v. French*, 143 F.3d 865, 870 (4th Cir.1998). "In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable." *Id.* When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits, however, our review of questions of law and mixed questions of law and fact is de novo. *See Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir.1998) (applying pre-AEDPA de novo standard of review to claims of ineffective assistance of counsel that were properly raised, but not adjudicated on merits in state court).

*Weeks v. Angelone*, 176 F.3d 249, 257-58 (4th Cir. 1999).

## **ANALYSIS**

*Ground One*

In this ground, the petitioner alleges ineffective assistance of counsel in the following particulars: counsel failed to request a continuance; failed to suppress evidence; failed to object to evidence and witness not timely revealed in response request; failed to object to impeachment evidence; failed to request exclusion of impeachment evidence; and failed to object to improper questions by Solicitor. Only two of these issues were addressed by the PCR court in the order of dismissal: the alleged failure to investigate and to suppress photographs and the failure to request a continuance.

The respondent argues that the issues that were not addressed by the PCR court are procedurally barred. This court agrees. If a petitioner before a federal district court fails to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in state courts. In such a case, a federal district court is barred from considering the habeas claim absent a showing of cause and actual prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice, as the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907, 916 (4th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). A petitioner may establish a fundamental miscarriage of justice by showing that a constitutional error probably resulted in the conviction of one who is actually innocent. In order to raise a claim of actual innocence, a prisoner "must present evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup v. Delo*, 513 U.S. 298, 316 (1995).

The petitioner did not file a South Carolina Rule of Civil Procedure 59(e) motion to alter or amend asking the PCR judge to make specific findings on these issues. Since the issue was not ruled upon by the PCR court, it would not have been preserved for

PCR appeal. *Plyler v. State*, 424 S.E.2d 477, 478 (S.C. 1992) (issue must be both raised to and ruled upon by PCR judge to be preserved for appellate review); Rule 59(e), SCRCP (providing avenue for any party to move to alter or amend a judgment). In the PCR appeal, counsel argued that the issue on appeal was sufficiently addressed by the "catch-all" language included (Johnson petition, p. 4), but that argument has been rejected by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 266-67 (S.C. 2007).

Further, as argued by the respondent, an assertion of actual innocence would not be credible on this record. The petitioner was convicted of kidnaping and robbing victim Travis Guess. Guess was approached at his home at gunpoint. The victim testified as to the kidnaping and robbery and identified the petitioner (App.104-107). Further, both Kevin Mack and Marcus Guess, who were guests at the home when the incident started, testified that a man with a white covering about his face showed up with a gun and shot in the ground, though each man ran away following the first gunshot (App. 69, 81-82). The victim was forced into his car and escaped while the car was in motion, which resulted in the car hitting a utility pole (App. 107,128-29,170). An officer happened to be on patrol in the area and saw the accident. The petitioner was standing by the passenger side of the car with a white shirt around his neck. He wandered away from the car and threw the white shirt down. Officers recovered a white t-shirt and a 9mm gun. The petitioner also had the keys to the car and the victim's wallet (App. 153, 170-73, 179, 185). Subsequent investigation revealed what appeared to be a bullet hole in the ground at the victim's home (App. 154). At trial, the petitioner testified that he never had a gun, but he admitted taking money and having a white t-shirt tied around his head, even though he essentially denied everything else (App. 232-41). After the verdict, the trial judge noted that this was an incredibly strong case with overwhelming evidence of guilt (App. 314-15, 318).

7

With the exception fo the investigation and suppression of photographs and failure to request a continuance claims, the claims in ground one are procedurally barred. Accordingly, those claims should be dismissed.

As to the ineffective assistance of counsel allegation with regard to the investigation and suppression of photographs, this issue was raised to and rejected by the PCR judge (App. 376-77). Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him, *i.e.* "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Finally, the Court in *Strickland* held that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies," and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* at 697. Review of counsel's performance is "highly deferential." *Id.* at 689.

The PCR judge noted that the defendant testified at the PCR hearing that what really happened was that he and the victim were involved in a drug deal that went bad. He further testified that he wanted counsel to "get finger prints off the box containing the drugs" (App. 376). Counsel testified that she did not recall such a request. Further, counsel opined that impeachment on this may not have been "valid or successful" (App. 377). Finally, the PCR judge noted counsel testified "she did not move to suppress photos because she did not feel the photographs were harmful to Applicant's case" (App. 377).

8

Using the proper error and prejudice test from *Strickland*, 466 U.S. at 694, the PCR judge concluded the petitioner had failed to show he was entitled to any relief.

As argued by the respondent, the record fully supports the PCR judge's decision. Counsel testified that even though she received notice only the Friday before the Tuesday trial in July that the case would be called, she had ample time to prepare, having had the case since January (App. 359-61, 368). She testified that she did not recall the petitioner asking her to have the drug box tested for fingerprints, nor could she opine on how effective impeachment would have been (App. 362-63). She also testified that she did not believe the photographs hurt the case, but actually helped to some extent (App. 368-69). The respondent notes that the petitioner has the burden of establishing actual prejudice. However, the petitioner failed to have the box tested, and what, if any, fingerprint evidence was available is unknown. The respondent further notes that the trial transcript before the PCR judge showed that counsel, on cross examination, repeatedly attacked the investigation, using the photographs to the defense's benefit as well as the admitted failure to fingerprint or perform gunshot residue testing (*see* App. 159 [bullet hole]; 161, 199 [GSR]; 167, 197 [fingerprints]). She also emphasized the fact that the petitioner's fingerprints were not on the gun, magazine, or bullets (App. 217). In short, the record fully supports the PCR judge's factual findings. Having failed to show an unreasonable application of federal law or an unreasonable determination of facts, the petitioner is not entitled to any relief.

As to the allegation of ineffective assistance on the continuance issue, the PCR judge noted that counsel testified that she received the fingerprint analysis "right before trial," and she requested a continuance. However, trial counsel did not believe a continuance would be granted, given the trial judge's preference, and "the evidence was so strong, she did not think more time would have affected the outcome" (App. 377-78; *see* App. 361). Again, as stated above, counsel was prepared for trial. Moreover, she testified

9

that she did not believe the outcome would have been different even if a continuance has been granted as the "witnesses and the evidence against him were very, very strong" (App. 366). Again, the record supports that the PCR judge reasonably applied federal law to facts fully and fairly supported by the record. Accordingly, the petitioner is not entitled to any relief.

***Ground Two***

The petitioner argues in ground two that the trial court erred in allowing the State to impeach him with two prior robbery convictions without an analysis under South Carolina Rule of Evidence 403 (i.e whether the probative value is substantially outweighed by the danger of unfair prejudice"). This issue was raised to the trial judge, who found that the Rule 403 analysis was not applicable under state precedent (App. 223). The petitioner then raised the issue on direct appeal (*see Anders* brief).

Relief in a federal habeas action is only available to petitioners in "custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Issues of state law are generally not cognizable in habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions... a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Evidentiary rulings are generally considered state law matters. *Spencer v. Murray*, 5 F.3d 758, 762 (4th Cir. 1993) ("claim about the admissibility of evidence under state law rarely is a claim upon which federal habeas corpus relief can be granted."). Evidentiary rulings will not be considered in federal habeas "'unless [the] erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding.'" *Barbe v. McBride*, 521 F.3d 443, 452 (4th Cir. 2008) (quoting *Burket v. Angelone*, 208 F.3d 172, 186 (4th Cir. 2000)). Thus, the only proper inquiry, if any, is whether the admission of the evidence itself

so infected the entire trial that the resulting conviction violated due process. *Estelle*, 502 U.S. at 72. This record firmly rebuts any contention of same for several reasons. First, the trial judge correctly applied binding state precedent in rejecting the applicability of the test. *State v. Al-Amin*, 578 S.E.2d 32, 43 (S.C. Ct. App. 2003) (holding that armed robbery is a crime of dishonesty, and the balancing test of Rule 403 was thus not required). Second, when the offenses were used on cross-examination, the trial judge immediately charged the jury that the two prior robbery offense were admitted only for impeachment and could be considered only in assessing credibility (App. 242). Third, as referenced more fully above, there is overwhelming evidence of guilt on this record. Based upon the foregoing, this allegation of error fails.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 26) be granted.

s/William M. Catoe
United States Magistrate Judge

December 21, 2009

Greenville, South Carolina