IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Russell Montgomery, #294838, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 6:09-778-HMH-WMC |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| McKither Bodison, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Russell Montgomery ("Montgomery") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Magistrate Judge Catoe recommends granting Respondent's motion for summary judgment. Montgomery filed objections to the Report and Recommendation. For the reasons stated below, the court grants Respondent's motion for summary judgment.

I. FACTUAL AND PROCEDURAL BACKGROUND

Montgomery is currently incarcerated at Lieber Correctional Institution, a South Carolina Department of Corrections ("SCDC") facility. In August 2001, Montgomery was indicted for armed robbery and kidnaping. On July 16, 2003, after a jury trial, Montgomery was found guilty

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

of kidnaping and strong arm robbery, a lesser offense. Montgomery was sentenced to twenty years' imprisonment for kidnaping and fifteen years' imprisonment for strong arm robbery, all such terms to be served consecutively. Montgomery filed a timely direct appeal. On appeal, Montgomery was represented by Robert M. Dudek ("Dudek"). On October 5, 2004, Dudek filed an Anders brief and petition to be relieved as counsel, raising the following issue:

> Whether the court erred by allowing appellant to be impeached with his prior robbery conviction where he was on trial for robbery, since the prejudicial effect of that conviction outweighed its probative value under Rule 403, SCRE, and the court failed to conduct the requisite State v. Colf analysis?

(Resp't Mem. Supp. Summ. J. Exs. (Anders Brief 3).) The South Carolina Court of Appeals dismissed the appeal after Anders review on April 20, 2005. (Id. Exs. (State v. Montgomery, Op. No. 2005-UP-285).)

On February 21, 2006, Montgomery filed an application for post-conviction relief ("PCR") raising the following grounds in his application:

> Petitioner alleges that trial counsel failed to properly prepare for the trial of this case; failed to request continuance based on untimely receipt of discovery; failed to move to suppress evidence; failed to object to evidence and witnesses not timely revealed in response to discovery request; failed to object to impeachment evidence; failed to request exclusion of impeachment evidence; failed to object to improper questions by Solicitor; and such other grounds as may become apparent after a complete review of the record.

(Id. Exs. (App. at 333).) On January 12, 2007, the PCR court held an evidentiary hearing at which Montgomery was represented by C. Bradley Hutto ("Hutto"). The PCR court denied Montgomery's application by order dated February 26, 2007. (Id. Exs. (App. at 374-79).) Montgomery filed a timely appeal. On appeal, Montgomery was represented by Katherine H. Hudgins ("Hudgins").

2

On January 10, 2008, Hudgins filed a Johnson petition and a request to be relieved as counsel, raising one issue: "Did the PCR court err in refusing to find trial counsel ineffective for failing to ascertain if the victim's fingerprints could be identified on a box containing narcotics found in the car where the kidnapping and robbery allegedly took place?" (Id. Exs. (Johnson Petition 2).) In addition, Montgomery submitted a pro se brief asserting the following additional issues:

(1) Did the PCR court err in refusing to find Trial Counsel Ineffective for failing to investigate and for failing to suppress photos.
(2) Did the PCR court err in refusing to find trial counsel ineffective for failing to request a continuance.
(3) Counsel was ineffective for failing to request a disclosure of the Brady Motion that would have proven that there was no evidence of gun power [sic] (residue) on the petitioner's clothes.

(Resp't Mem. Supp. Summ. J. Exs. (Pro Se Response to Johnson Petition).) The South Carolina Supreme Court transferred the case to the South Carolina Court of Appeals which denied Montgomery's petition for writ of certiorari on January 30, 2009. (Id. Exs. (Montgomery v. State, 2006-CP-38-00209 (Jan. 30, 2009)).)

Montgomery filed the instant § 2254 petition on March 25, 2009,[2] raising the following grounds for relief:

Ground One: Ineffective Assistance of Counsel.
Supporting facts: Counsel failed to: request continuance, failed to suppress evidence, failed to object to evidence and witness not timely revealed in response request; object to impeachment evidence, failed to request exclusion of impeachment evidence, failed to object to improper questions by Solicitor.

Ground Two: [no ground specified].
Supporting facts: Whether the courts erred by allowing Appellant to be impeached with his prior Robbery Conviction. Where he was on trial for Robbery, since the

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

> prejudicial effect of that conviction out weighted [sic] its provation [sic] value under Rule 403 S.C.R.E., And the Court failed to conduct the requisite. State -v-Colf Analysis?

(Montgomery § 2254 Pet. 6-8.) Respondent filed a motion for summary judgment on August 10, 2009. Montgomery filed a memorandum in opposition to Respondent's motion for summary judgment on September 16, 2009. Magistrate Judge Catoe recommends granting Respondent's motion for summary judgment because the claims raised in Montgomery's petition are procedurally defaulted, fail on the merits, or are not cognizable in a habeas action. (Report and Recommendation, generally.)

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

## B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," Montgomery has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Humphries, 397

F.3d at 216 (quoting Williams, 529 U.S. at 410). "Thus, to grant [Montgomery's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

**C. Objections**

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The magistrate judge recommends granting Respondent's motion for summary judgment because the claims raised in Montgomery's petition are procedurally defaulted or without merit. (Report and Recommendation, generally.) Further, the magistrate judge submits that Montgomery has failed to show cause or prejudice to excuse his procedural default.

Montgomery filed objections to the Report and Recommendation. After review, the court finds that many of Montgomery's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report, or merely restate his claims. However, the court was able to glean three specific objections. Montgomery objects to the magistrate judge's conclusion that (1) all except two of his ineffective assistance of counsel claims are procedurally barred; (2) that his ineffective assistance of counsel claims for failure to investigate and to suppress the photographs fail on the merits; and (3) that the trial court did not violate his constitutional right

to a fair trial by allowing the prosecution to impeach Montgomery with two prior robbery convictions. (Objections, generally.)

The magistrate judge concluded that all except two of Montgomery's ineffective assistance of counsel claims raised in his § 2254 petition are procedurally barred. (Report and Recommendation 6.) Montgomery objects arguing that these claims are not procedurally barred. (Objections 5.)

Montgomery alleges that his trial counsel was constitutionally ineffective because he failed to: (1) request a continuance, (2) suppress evidence, (3) object to evidence and witnesses not timely revealed in response request, (4) object to impeachment evidence, (5) request exclusion of impeachment evidence, and (6) object to improper questions by the Solicitor. (Montgomery § 2254 Pet. 6.) Montgomery raised these ineffective assistance claims in his PCR application; however, the PCR court did not rule on all of the claims. Of the ineffective assistance of counsel claims raised in Montgomery's § 2254 petition, the PCR court only directly ruled on the ineffective assistance of counsel for failure to investigate and suppress photographs and to request a continuance. (Resp't Mem. Supp. Summ. J. Exs. (App. at 374-79).)

Because the PCR court failed to make specific findings on all of his ineffective assistance of counsel claims, Montgomery was required to file a timely Rule 59(e) motion requesting that the PCR court make specific findings on all of his claims raised in his PCR application in order to preserve the issues for appeal. Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007) ("Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review. . . .").

Following the denial of his PCR application, Montgomery did not file a timely Rule 59(e) motion to preserve his remaining claims for review. Montgomery alleges that he was not required to file a Rule 59(e) motion because he was represented by counsel and could not file a pro se Rule 59(e) motion without violating Rule 11(a) of the South Carolina Rules of Civil Procedure, which provides in pertinent part that "[e]very pleading, motion or other paper of a party represented by an attorney shall be signed in his individual name by at least one attorney of record who is an active member of the South Carolina Bar, and whose address and telephone number shall be stated." This argument is without merit. "Rule 11 of the South Carolina Rules of Civil Procedure does not apply in PCR proceedings." Hiott v. State, 381 S.C. 622, 629 (S.C. 2009). Montgomery's counsel could have filed a Rule 59(e) motion. Likewise, Montgomery could have filed a pro se Rule 59(e) motion. Based on the foregoing, Montgomery's claims for constitutionally ineffective assistance of counsel are procedurally defaulted from habeas corpus review. See Al-Shabazz v. State, 527 S.E.2d 742, 747 (S.C. 2000) ("After a hearing, the PCR court grants or denies relief by issuing a written order containing findings of fact and conclusions of law. Either party must timely file a Rule 59(e), SCRCP, motion to preserve for review any issues not ruled upon by the court in its order." (internal citation omitted)). As such, all except two of Montgomery's ineffective assistance of counsel claims are procedurally barred. Montgomery's procedural bar may be excused only if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Montgomery has not established any cause for the default

or that failure to consider his claims will result in a fundamental miscarriage of justice. Hence, his objection that these claims are not procedurally defaulted is without merit.

Next, Montgomery objects to the magistrate judge's finding that Montgomery's trial counsel was not constitutionally ineffective for failing to suppress certain photographs and investigate fingerprints on a box containing narcotics. (Objections 9-10.) In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Montgomery must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to prove prejudice, Montgomery must "show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. at 694.

Montgomery argues that trial counsel's failure to suppress the photographs and investigate the box containing drugs "deprived [him] of presenting an adequate defense that resulted in being denied a fair trial." (Objections 11.) During his PCR hearing, Montgomery testified that he and the victim were involved in a drug deal that went bad. (Resp't Mem. Supp. Summ. J. Exs. (App. at 376).) Montgomery submits that prejudice should be presumed because placing the burden on him to get "the box finger printed would be contrary to what the Sixth Amendment prescribes." (Objections 11.) The PCR court found that trial counsel was not

constitutionally ineffective for failing to investigate and suppress photographs. The PCR court explained:

> Trial counsel . . . testified that she does not remember Applicant asking for a fingerprint test on the box. She further testified that although she may have been able to impeach the victim's testimony based on the box of drugs, she is not sure this would have been valid, or successful. Counsel also testified that she did not move to suppress the photos because she did not feel the photos were harmful to Applicant's case.
>
> This Court finds that trial counsel's testimony was credible and the Applicant's testimony was not credible. This was a matter of trial strategy and not ineffective assistance of counsel. Where counsel articulates a valid strategic reason for her action or inaction, counsel's performance should not be found ineffective. . . . This Court further finds that even if there were some error, the evidence against the Applicant was very strong and counsel's performance did not prejudice the Applicant.

(Resp't Mem. Supp. Summ. J. (App. at 377).) In addition, during the trial, counsel vigorously challenged the investigation and utilized the photographs. (Id. Exs. (App. at 159, 161, 167, 197, 199, 217).) Montgomery has failed to show how the photographs were harmful to his case or that the fingerprint evidence from the box would have aided his defense. Based on the foregoing, Montgomery has failed to produce any evidence to demonstrate that the PCR court unreasonably applied federal law or unreasonably evaluated the facts in finding that trial counsel was not constitutionally ineffective for failing to move to suppress the photographs or investigate the box containing drugs. Further, Montgomery has failed to establish any prejudice. Therefore, Montgomery's objection is without merit.

Lastly, Montgomery objects to the magistrate judge's conclusion that the trial court's admission of two prior robbery convictions did not "so infect[] the entire trial that the resulting conviction violated due process." (Report and Recommendation 11.) Montgomery argues that

"he was denied his constitutional right to a fair trial when the trial court allowed the State to impeach [him] with (2) two prior robbery convictions without an analysis under Rule 403" of the South Carolina Rules of Civil Procedure. (Objections 12-13.) As noted by the magistrate judge, the trial court was not required to conduct an analysis under Rule 403. (Report and Recommendation 11.)

In State v. Al-Amin, the South Carolina Court of Appeals held that armed robbery is a crime of dishonesty and that "evidence of a prior crime of dishonesty" is automatically admissible "without the balancing of probative value against prejudicial effect." 578 S.E.2d 32, 43 (S.C. Ct. App. 2003). In addition, the trial court charged the jury with a limiting instruction that the prior convictions were for impeachment purposes only. (Resp't Mem. Supp. Summ. J. Exs. (App. 242).) Further, even if the trial court committed error, this error did not deprive Montgomery of a "constitutionally fair proceeding" in light of the overwhelming evidence of Montgomery's guilt as outlined by the magistrate judge. Barbe v. McBride, 521 F.3d 443, 452 (4th Cir. 2008); (Report & Recommendation 7.) Based on the foregoing, after a thorough review of the record and the magistrate judge's Report and Recommendation, the court adopts the Report and Recommendation.

Therefore, it is

**ORDERED** that Respondent's motion for summary judgment, docket number 26, is granted, and Montgomery's § 2254 petition is dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Montgomery has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
January 20, 2010

# NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.